# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

AMON RICHARDS,

    Plaintiff,

v.                                                            Case No. 4:21-cv-58-MW-MJF

FLORIDA DEPARTMETN OF
CORRECTIONS, *et al.,*

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This case originated in a Florida court. Plaintiff, a Florida prisoner proceeding *pro se*, filed suit in the Circuit Court for Leon County, Florida, Case No. 2020-CA-001896, asserting state-law claims and federal civil rights claims against several Defendants.[1] (Doc. 2-1, Am. Comp. at 88-139). On January 28, 2021, two Defendants removed the case to this court pursuant to 28 U.S.C. § 1441(a), based on

---

[1] Plaintiff's amended complaint names ten Defendants: (1) the Florida Department of Corrections; (2) the Office of the Inspector General; (3) Captain T. Gjerde, a correctional officer at Desoto Correctional Institution; (4) Sergeant Heredia, a correctional officer at Avon Park Correctional Institution; (5) D. Uellenberg, a nurse at Desoto CI; (6) Lieutenant Quesada, a correctional officer official at Desoto CI; (7) Williams, a nurse at Desoto CI; (8) J. Jackson, a nurse at Desoto CI; (9) Norwood, the Assistant Warden at Desoto CI; and (10) Chellie baker, the Warden at Desoto CI. (Doc. 2-1, Am. Compl. at 88-90).

Plaintiff's civil rights claims asserted under 42 U.S.C. § 1983. (Doc. 2). The remaining served Defendants consent to removal. (*Id.* at 5). The undersigned concludes that this case should be transferred to the United States District Court for the Middle District of Florida because it is the appropriate venue.[2]

## I. BACKGROUND

Plaintiff Amon Richards is an inmate of the Florida Department of Corrections ("FDC") confined at Desoto Correctional Institution Annex in Arcadia, Florida. Arcadia is located in the Middle District of Florida. Richards is suing the FDC, the Office of the Inspector General, and eight individual prison and medical officials at Desoto CI. (Doc. 2-1, Am. Compl. at 88-90). Richards alleges that he was injured at Desoto CI on November 20, 2019, when a dining table collapsed under him. (*Id.* at 93). Richards claims that the individual Defendants failed to maintain the table in a safe condition, and that after the incident, they tried to conceal their negligence and Richards's injuries by filing a false disciplinary report against him and denying him medical care. (*Id.* at 93-106). Richards claims that the Office of the Inspector General negligently failed to investigate the incident. (*Id.* at 105,

---

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

110). Richards seeks to hold the FDC liable on the theory that it negligently failed to train its employees and because "it is responsible for its employees' actions or omissions." (*Id*. at 106). As relief, Richards seeks damages from each Defendant. (*Id*. at 111-15).

## II. DISCUSSION

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. A correctly filed case may be transferred to a more appropriate venue "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer an action is left to the "sound discretion of the district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp*., 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer

cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."). A removed action may be transferred to a more convenient forum just like any other civil action. 28 U.S.C. § 1441(e)(6) ("Nothing in this subsection shall restrict the authority of the district court to transfer or dismiss an action on the ground of inconvenient forum."); *see also Clemens v. McNamee*, 608 F. Supp. 2d 811, 827 (S.D. Tex. 2009) (recognizing same); *Meeds+Partners Co. v. Amrit Dev. Inc.*, No. 4:07-cv-1933, 2009 WL 10695108, at *11-13 (S.D. Tex. Jan. 26, 2009) (granting, pursuant to 28 U.S.C. § 1404(a), discretionary transfer of a removed action from Texas district court to Florida district court, where Florida court was a more convenient forum).

The undersigned concludes that it is in the interest of justice to transfer this case to the United States District Court for the Middle District of Florida. This conclusion is based on traditional venue considerations, including the following factors pertaining to the private interests of the parties: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S.

501, 508 (1947)). This conclusion also is based on public factors, including the "local interest in having localized controversies decided at home" and "the unfairness of burdening citizens in an unrelated forum with jury duty." *Id*.

The events giving rise to Richards's claims occurred at Desoto CI, which is located in the Middle District of Florida. Plaintiff and all eight of the individual Defendants reside in the Middle District, as do, presumably, any witnesses. This case has little or no relationship to the Northern District of Florida. For the convenience of the parties and the public, and in the interest of justice, this case should be transferred to the Middle District of Florida.[3]

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

2. The clerk of court close this case file.

At Panama City, Florida, this 3rd day of February, 2021.

---

[3] Richards does not assert any federal claims against the FDC or the Office of the Inspector General. He cannot assert § 1983 claims against these Defendants, because the FDC and the Office of the Inspector General are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-71 (1989) (holding that neither States nor state agencies are "persons" within the meaning of § 1983).

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**