IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMON RICHARDS,

    *Plaintiff*,

v.	Case No.:	4:21cv58-MW/MJF

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    *Defendants*.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 4, and has also reviewed *de novo* Plaintiff's objections to the report and recommendation, ECF No. 10. This Court has also considered Plaintiff's Motion in Opposition of Removal of Case—effectively, a motion to remand—ECF No. 7.

As a general rule, this Court should take up a motion to remand prior to transferring venue, because "[d]eterminations of subject matter jurisdiction are preeminent." *Montgomery Kidney Specialists, LLP v. Physicians Choice Dialysis of Ala., LLC*, No. 2:17-cv-668-ECM, 2020 WL 570137, *1 (M.D. Ala. Feb. 5, 2020) (discussing priority of competing motions to remand and to transfer venue). And

once Defendants file their notice of removal, the case proceeds no further in state court, the state court loses all jurisdiction, and any subsequent proceedings in the state court prior to any remand are void. *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. 696, 700 (2020).

Here, Plaintiff asserts that while Defendants may have properly removed his first amended complaint based on the federal jurisdiction over his Eighth Amendment claim, he has since filed a second amended complaint in *state court* that has dropped the federal claim. However, Plaintiff has not sought leave to file this amended pleading in this Court. Should Plaintiff seek leave to file an amended pleading that disposes of all federal claims early in this proceeding, this Court—or the Middle District of Florida, as this case is being transferred—may choose either to continue exercising supplemental jurisdiction over the remaining state-law claims or it may not. *See, e.g.*, *Shelley v. City of Headland, et al.*, No. 1:09-cv-509-WKW, 2009 WL 2171898, *1 (M.D. Ala. July 21, 2009) (remanding remaining state-law claims after Plaintiff voluntarily dismissed federal claim, despite Defendants' argument that this constituted "blatant forum shopping"). But until that time, only this Court has jurisdiction to hear his claims. Accordingly,

**IT IS ORDERED**:

The report and recommendation is **accepted and adopted**, over Plaintiff's objections, as this Court's opinion. This case shall be transferred to the Fort Myers

Division of the United States District Court for the Middle District of Florida. Plaintiff's Motion in Opposition of Removal of Case, construed as a motion to remand, ECF No. 7, is **DENIED**. The Clerk shall terminate, for purposes of this Court's docket, Defendants' pending Motion to Dismiss, ECF No. 5, and Plaintiff's Motion for Extension of Time to Serve Defendants, ECF No. 9. These motions remain pending upon transfer to the Middle District of Florida. The Clerk shall take all steps necessary to effect the transfer and close the file.

    **SO ORDERED on February 19, 2021.**

                                                **s/Mark E. Walker**
                                                **Chief United States District Judge**